NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 22, 2010
Decided August 2, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *District Judge*[*]

No. 09-3071

| | |
|---|---|
| WILLIAM E. KELLER and RONNIE GULLION, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| *v.* | No. 4:07-cv-129-SEB-WGH |
| INDIANA FAMILY & SOCIAL SERVICES ADMINISTRATION and STATE OF INDIANA, *Defendants-Appellees*. | Sarah Evans Barker, *Judge*. |

## O R D E R

William Keller and Ronnie Gullion claim that their employer discriminated against them based on their sex in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. §§ 2000e to 2000e-17. The district court dismissed their suit on summary judgment, reasoning that they had failed to produce evidence of disparate treatment and that the defendants' supposedly sexist conduct was not sufficiently egregious to create a hostile

---

[*]United States District Judge for the Northern District of Illinois, Eastern Division, sitting by designation.

work environment.  Keller and Gullion appeal, but we do not see any reason to disturb the district court's judgment.

Keller and Gullion work at a psychiatric hospital operated by the State of Indiana. Keller is a "Psych Attendant 4," which requires him to dress and feed the hospital's patients, while Gullion is a Licensed Practical Nurse, which requires him to distribute medication.  Many of the patients suffer from severe mental illnesses and at times are prone to violent outbursts.  To defuse these "psychiatric emergencies," the hospital trains its staff to subdue the out-of-control patient by employing a number of restraining techniques.

Before August 2006 the hospital had no formal policy addressing psychiatric emergencies.  Instead, Keller testified at his deposition, the hospital's attendant supervisor would choose and direct particular employees to respond to a psychiatric emergency.  "A lot of times," Keller explained, the attendant supervisor chose male employees.

In August 2006 the hospital introduced a policy known as Code Green.  Under this policy, each unit within the hospital is responsible for selecting one employee to respond to a psychiatric emergency.  But male employees continue to bear the brunt of the burden, Keller testified: "[T]hey would call a Code Green and nobody would go.  And it would be up to the men to go.  The women would just sit there.  'Well, you need to go.'  They would tell us that we need to go or the supervisors would tell us we need to go."

Keller and Gullion filed this suit claiming that, by requiring only men to respond to potentially dangerous psychiatric emergencies, the hospital subjected them to disparate treatment based on their sex and to a hostile work environment.  *See* 42 U.S.C. § 2000e-2(a)(1).  The defendants moved for summary judgment, arguing primarily that the plaintiffs had failed to produce evidence of discrimination under either theory.  In the alternative, the defendants asserted as a defense that the plaintiffs' sex was a bona fide occupational qualification ("BFOQ") permissible under 42 U.S.C. § 2000e-2(e).  The district court granted the defendants' motion.  The court noted that the plaintiffs had not produced any direct evidence of discrimination.  The court also reasoned that the plaintiffs had failed to establish a prima facie case of discrimination under the indirect method because they had not demonstrated either that they suffered an adverse employment action or that they were required to respond to psychiatric emergencies more frequently than similarly situated female employees.  Finally the court concluded that the defendants' conduct was not sufficiently egregious to establish a hostile work environment.

On appeal the plaintiffs do not address the district court's conclusion that they lacked evidence of disparate treatment but argue instead that the court ignored the

defendants' "concession" in their alternative argument that the plaintiffs' sex was a BFOQ. A BFOQ defense is a narrow exception to the general prohibition on sex-based discrimination. *See Henry v. Milwaukee County*, 539 F.3d 573, 579-80 (7th Cir. 2008). But Keller and Gullion fail to appreciate that there was no need for the district court to address this alternative argument once it concluded that the plaintiffs failed to produce evidence of disparate treatment. And the plaintiffs do not suggest—nor can we find—any reason to disturb the district court's reasoning. As the district court explained, primarily because the plaintiffs failed to comply with Local Rule 56.1, the record contains no direct or circumstantial evidence to support an inference of intentional discrimination. *See Coffman v. Indianapolis Fire Dep't*, 578 F.3d 559, 563 (7th Cir. 2009). Indeed the evidence in the record that Keller and Gullion were required to respond to psychiatric emergencies more frequently than female employees consists merely of their generalized accusations of discriminatory treatment. But these conclusory statements backed by no evidence are insufficient to stave off summary judgment. *See Petts v. Rockledge Furniture LLC*, 534 F.3d 715, 722-23 (7th Cir. 2008); *Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 726 (7th Cir. 2004).

Nor have the plaintiffs established a prima facie case of sex discrimination. *See Farr v. St. Francis Hosp. & Health Ctrs.*, 570 F.3d 829, 833 (7th Cir. 2009). The record contains no information about any similarly situated female employee, much less evidence that a similarly situated female employee was excused from responding to psychiatric emergencies. *See Winsley v. Cook County*, 563 F.3d 598, 605 (7th Cir. 2009).

Finally the plaintiffs argue that the district court erred by rejecting their hostile-work-environment claim. But the supposedly sexist conduct they identified—namely that the hospital selectively enforced its policy forbidding employees to wear shorts and refused to allow male employees to play cards on the job—is not sufficiently severe to create an abusive working environment. *See Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009).

AFFIRMED.